JEANETTE GLOGAU, Respondent, v. J. A. HAGAN et al., Appellants.

Evert L. Hagan, in pro. per., for Appellants.

Abraham Gottfried for Respondent.

WILSON, J.—Plaintiff brought this action against Evert L. Hagan and J. A. Hagan on an assigned claim for attorney's fees. A writ of attachment was issued and levied upon defendants' bank account where there was on deposit approximately $5,500. An alias writ was issued and levied upon real property of Evert L. Hagan.

The court granted defendants' motion for permission to post a surety bond in the sum of $6,000 in lieu of the attached bank account. Upon the filing of the surety bond the bank account was released from the attachment. Defendants then made a motion for permission to substitute a cash deposit of $6,000 in lieu of the surety bond, which motion was granted; that sum was deposited with the county clerk and the surety bond was discharged.

Judgment was rendered against defendants for the sum of $4,100 and costs amounting to $1,025.49. Thereafter de-

fendants made a motion ''for an Order specifying undertaking on appeal by deposit in Court of the sum required under Section 948 of the California Code of Civil Procedure out of the cash now on deposit with the clerk of the above-entitled Court, and for an Order refunding the balance of said sum now on deposit to the person entitled thereto.'' The motion was denied. Thereafter defendants appealed from the judgment.

Subsequently defendants made a motion for an order discharging existing attachments issued and levied on account of certain items of legal services claimed by plaintiff, but which the court found she was not entitled to recover, and requested that the court retain the sum of $4,100 as a cash undertaking on appeal from the judgment. The court made an order denying defendants' motion, from which order defendants appealed. J. A. Hagan having abandoned the appeal, it will be dismissed as to him.

The maneuver by which a surety bond of $6,000 was filed for the purpose of releasing the bank account from the lien of attachment, followed by the substitution of $6,000 in cash to release the surety bond, resulted in the transfer of the $6,000 from the bank to the county clerk. Such transfer, however, did not leave the money under the lien of the attachment. It was released by the filing of the surety bond and is now held by the clerk as security for the payment of the judgment. Defendants' motion was properly denied: (1) the attachment was released by giving the surety bond, and insofar as the cash is concerned there is nothing under attachment; (2) the cash on deposit with the clerk is not money under attachment but was posted and is held as a bond on the release of the attachment in lieu of the surety bond; (3) the provisions for attachment and for release thereof are statutory, and the court is not authorized to order the release of the attachment on the real property on the grounds stated by defendant; (4) defendant could have procured the release of the attachment by perfecting his appeal and giving a bond as provided in sections 942 and 946 of the Code of Civil Procedure.

The order is affirmed as to defendant Evert L. Hagan; the appeal is dismissed as to defendant J. A. Hagan.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 15, 1951.